IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEKENDRICK MATLOCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cv-2282-D-BN |
| DALE BARNARD, ET AL., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This is a civil action filed by DeKendrick Matlock, a Texas inmate proceeding *pro se*. Through his filings in this action, Matlock (referred to as "Petitioner") has made it clear to the undersigned that this action is a challenge to his state conviction and sentence pursuant to 28 U.S.C. § 2254. And, for the reasons explained below, Petitioner's habeas application should be dismissed on limitations grounds.

**Procedural Background**

This action was originally docketed as a 42 U.S.C. § 1983 civil rights case, because Matlock's initial pleading appeared to be a civil complaint against Defendants Sergeant Dale Barnard, Letricia McDonald, Chief Daniel Royster, and the Auto Theft Tracking Program. *See* Dkt. No. 3. In response to the Court's request that Petitioner file an amended complaint on the Court's form setting forth the factual basis of his claims, *see* Dkt. No. 4, Petitioner filed a 28 U.S.C. § 2254 petition [Dkt. No. 5].

After this amendment, because it appeared Petitioner was challenging a 2005

1

conviction and fifteen-year sentence for theft of an automobile in Dallas County, Texas, *see* Dkt. No. 4 at 2, the Court ordered Petitioner to show why this action is not barred by limitations under 28 U.S.C. § 2244(d), *see* Dkt. No. 8 (citing the preliminary response filed in *Matlock v. Thaler*, No. 3:12-cv-2586-N, Dkt. No. 9, regarding a § 2254 petition concerning the same conviction and sentence).

Petitioner's response [Dkt. No 9] failed to address the limitations issue but further made clear that this lawsuit is a challenge to a state conviction and sentence. *See, e.g., id.* at 4 ("I was to be RELEASED from prison because it is illegal to have me in any prison...."), 7 ("Plaintiff DeKendrick Matlock moves Court to drop all Charges. Meaning the Charges that I was Illegally sent to Prison for the Theft....").

Based on the substance of Petitioner's amended complaint and his response to the order to show why that complaint is not barred by limitations, the undersigned recommends that this civil action be construed as a challenge to the legality of Petitioner's 2005 Dallas County conviction and sentence. *See, e.g., United States v. Erazo*, Cr. No. C–11–718, C.A. No. C–12–328, 2013 WL 2289554, at *4 n.6 (S.D. Tex. May 22, 2013) ("*Pro se* pleadings must be liberally construed to address the relief sought."); *contra Richie v. Scott*, 70 F.3d 1269, 1995 WL 696845, at *1 (5th Cir. Oct. 25, 1995) (per curiam) ("As Richie does <u>not</u> contest the legality of his conviction or the validity of his initial sentence, the district court erred by construing his petition under § 2254." (emphasis added)).

Relatedly, the undersigned also recommends that the respondent in this construed 28 U.S.C. § 2254 action be changed to William Stephens, Director of the

Texas Department of Criminal Justice, Correctional Institutions Division. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

## Background
### (Past State Conviction and Sentence)

Petitioner pleaded guilty to theft in Dallas County Criminal District Court No. 1; he was sentenced to fifteen years imprisonment on June 16, 2005; and the trial court's judgment was affirmed by the Dallas Court of Appeals. *See* Dkt. No. 5 at 2-3; *Matlock v. State*, No. 05-05-00973-CR, 2006 WL 2709490 (Tex. App. – Dallas Sept. 22, 2006, no pet.). Because Petitioner neither moved for rehearing in the Dallas Court of Appeals nor sought discretionary review in the Texas Court of Criminal Appeals, the judgment of the Dallas Court of Appeals became final on Monday, October 23, 2006. *See* TEX. R. APP. P. 68.2(a) ("The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals."); TEX. R. APP. P. 4.1(a).

Petitioner has previously pursued post-conviction relief in the state courts and in this Court. But none of those attempts to obtain relief were made prior to October 23, 2007, one year after his conviction and sentence became final.

## Legal Standards

Section 2254 federal habeas corpus proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF

3

1996, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2244(d). The statute provides that the limitations period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## Analysis

Petitioner was given an opportunity to explain why this collateral attack of his 2005 state court conviction and sentence is not barred by the statute of limitations, but he chose not to address the issue. *Compare* Dkt. No. 8, *with* Dkt. No. 9.

Because Petitioner neither requested rehearing nor filed a petition with the Texas Court of Criminal Appeals after his conviction and sentence were affirmed on direct appeal on September 22, 2006, *see Matlock*, 2006 WL 2709490, the conviction and sentence became final on Monday, October 23, 2006, *see Flores v. Quarterman*, 467 F.3d 484, 485-86 (5th Cir. 2006); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); TEX. R. APP. P. 68.2(a). Absent tolling of the limitations period, any federal habeas

4

petition was due one year later, on October 23, 2007. Tolling is not applicable in this case, however, because Petitioner's first state application for writ of habeas corpus was not filed until 2009. *See Ex parte Matlock*, WR-73,255-01 (Tex. Crim. App. Feb. 17, 2010).

The federal habeas petition is therefore untimely. Petitioner has not meaningfully replied to the Court's show cause order to address statutory limitations, and the record does not show any basis for equitable tolling.

## Recommendation

Petitioner's amended complaint [Dkt. No. 5] should be construed as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. William Stephens should be substituted as respondent. And Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 19, 2014

                                              DAVID L. HORAN  
                                              UNITED STATES MAGISTRATE JUDGE